UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                          CASE NO.: 2:18-cr-190-SPC-MRM

ELIZABETH KUC

---

### **ORDER**[1]

Before the Court is Defendant Elizabeth Kuc's Motion for Reduction in Sentence (Doc. 724), along with the Government's opposition (Doc. 727). After reviewing the parties' arguments, record, and applicable law, the Court denies the Motion for the below reasons.

Last year, the Court sentenced Defendant to 360 months' imprisonment for participating in a drug conspiracy and distributing fentanyl, crack cocaine, and heroin. (Doc. 542). But Defendant says her chronic medical problems warrant the Court to release her now. Her conditions include HIV, hypothyroidism, high cholesterol, asthma, anxiety, hypertension, morbid obesity, deteriorated bones, arthritis, and planar warts.

But courts lack the inherent authority to reduce imposed sentences. *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002). Only under

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

a statute or rule may courts reduce a sentence. And even then, the defendant must show she may have such relief. *See United States v. Jackson*, No. 3:16-cr-104-J-32JRK3, 2020 WL 3962275, at *1 (M.D. Fla. July 13, 2020).

Defendant relies on 18 U.S.C. § 3582(c)(1)(A)'s compassionate-release provision for her sentence reduction. It says a court may reduce a sentence if it finds that extraordinary and compelling reasons warrant a reduction and that a reduction follows the applicable policy statement in U.S.S.G. § 1B1.13. *Id.* § 3582(c)(1)(A)(i); *United States v. Bryant*, 996 F.3d 1243, 1247 (11th Cir. 2021). Section 1B1.13's commentary outlines four qualifying reasons including the defendant's medical conditions, age, or family circumstances. U.S.S.G. § 1B.13, cmt. n.1(A)-(C).

Before moving to reduce a sentence, however, a defendant must first exhaust her administrative remedies by submitting a request to the warden of her facility to bring a motion on her behalf. 18 U.S.C. § 3582(c)(1)(A)(i) (authorizing the court to grant a sentence reduction "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier"); *cf. United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (holding that the exhaustion requirement is a non-jurisdictional claims-processing rule). Defendant's motion fails at this threshold step.

2

True Defendant asked her warden for compassionate release. But she did so "due to the COVID-19 pandemic" and suffering from "high risk factors per the CDC for serious illness or death if [she] should contact [sic] the COVID-19 virus." (Doc. 727-1 at 1). That reason differs from the one she offers here. She never mentions the pandemic in her motion and says her medical conditions—in and of themselves—are so extensive that compassionate release is warranted. And the documents supporting her motion do the same. The only reference to COVID is her recent negative test. (Doc. 727-2 at 2). The documents instead paint a picture of Defendant simply not liking her medical care while in prison. (Doc. 724-1 at 3-7). At bottom, because Defendant asked her warden for compassionate release for a reason other than the one here, she has not exhausted her administrative remedies.

Even had Defendant done so, she has not shown why her health problems are extraordinary and compelling reasons to warrant compassionate release. Not all medical ailments will trigger compassionate release. A defendant needs to suffer from either a (1) terminal illness "with an end of life trajectory"; or (2) serious medical condition that "substantially diminishes" the defendant's ability to provide self-care while incarcerated and from which she is not expected to recover. U.S.S.G. § 1B.13, cmt. n.1(A).

Defendant neither argues nor submits evidence she is terminally sick with an advanced and serious illness with an end-of-life trajectory. And the

3

record suggests the opposite. A registered nurse examined Defendant at a sick call on August 6. (Doc. 727-2). Her examination revealed Defendant's pulmonary, cardiovascular, and peripheral vascular systems to be within normal limits. (Doc. 727-2 at 2). Defendant also was pleasant, cooperative, and appeared well, alert, and oriented. (Doc. 727-2 at 2). The registered nurse's findings follow the warden's review of Defendant's medical file months earlier when he considered her compassionate release request. In denying the request, the warden noted Defendant's "conditions ha[d] been well controlled through prescription medication use and d[id] not prevent [her] from performing [her] activities of daily living." (Doc. 724-1 at 2). Against this record, Defendant has not shown that she is nearing the end of her life or unable to care for herself while in prison. The Court thus finds no extraordinary and compelling reason to justify compassionate release.

Even if Defendant made such a showing, the Court finds she remains a danger to the community and the § 3553(a) factors weigh against release. Defendant joined eighteen others in dealing fentanyl, heroin, and crack in the local community for years. Her criminal drug conspiracy made about $15,000 a day selling drugs. (Doc. 509 at ¶ 30). And her role was anything but minor. She used her home to make crack cocaine and acted as the "eyes" for the main supplier. (Doc. 509 at ¶ 38). And did so all while having many (if not most) of her medical conditions.

4

But it is not just the nature of her offense that unsettles the Court. Defendant has an extensive criminal history. Scoring a criminal history category of V, Defendant has led a life of crime even when unwell. The Court has no confidence that Defendant will abide by the law if released, so there is a continued need to protect the public from her. But perhaps most disconcerting is the ease in which she committed perjury while testifying at trial. The Court (like the jury) heard through her lies. Her decision to be untruthful even cost her a two-level enhancement for obstructing justice. (Doc. 509 at ¶ 121).

Against this record, it would hardly reflect the seriousness of the offense, promote respect for the law, provide just punishment, and protect the public from future crimes if the Court released Defendant with nearly all her sentence remaining. The Court thus denies Defendant's motion.

Accordingly, it is now **ORDERED:**

Defendant Elizabeth Kuc's Motion for Reduction in Sentence (Doc. 724) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on August 19, 2021.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record